IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY FARKAS            ) | |
|            Plaintiff,    ) | |
| v.                        ) | Cause No.  4:17-cv-00761 |
| ADDITION MANUFACTURING    ) | |
| TECHNOLOGIES, LLC f/k/a MCKEE-  ) | |
| ADDISON TUBE FORMING, INC.   ) | |
| and AM INDUSTRIAL GROUP, LLC  ) | |
|            Defendants.    ) | |

**DEFENDANT ADDITION MANUFACTURING TECHNOLOGIES, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS *DAUBERT* MOTION TO EXCLUDE PLAINTIFF'S RULE 26(a)(2)(B) EXPERT DR. J. KENNETH BLUNDELL**

COMES NOW Defendant Addition Manufacturing Technologies, LLC ("Addition"), by and through undersigned counsel, and for its Reply Memorandum in Support of its *Daubert* Motion to Exclude Plaintiff's Rule 26(a)(2)(B) expert Dr. J. Kenneth Blundell, states as follows:

**I.     INTRODUCTION**

Under Daubert and Rule of Evidence 702(b), an expert's testimony must be based on "sufficient facts or data." Fed. R. Evid. 702(b). Dr. J. Kenneth Blundell gave testimony and opinions/conclusions without knowing basic information. He did not know how the incident in question occurred; what components were on the subject machine when it was sold in 1992; and what alterations were made to the subject machine. The clear and unmistakable evidence suggests Dr. J. Kenneth Blundell did not have sufficient facts to provide opinions/conclusions in this matter. Dr. J. Kenneth Blundell based his testimony and opinions/conclusions on facts that he does not know are true or accurate. He has not supplemented his report or his

1

opinions/conclusions since the March 16, 2018 report and Plaintiff has not made any indication that the basis of Dr. J. Kenneth Blundell's opinions/conclusions have changed since his deposition. Dr. J. Kenneth Blundell's testimony and opinions/conclusions were the result of speculation, lacked a reliable foundation and should be excluded.

In response to Plaintiff's repeated false allegations that it somehow delayed discovery, Defendant Addition refers the Court to its Reply in Support of Its Motion to Strike Plaintiff's Expert Disclosure and Motion to Exclude Dr. J. Kenneth Blundell. See Doc. #66.[1]

## II. DR. J. KENNETH BLUNDELL PROVIDED TESTIMONY, CONCLUSIONS/OPINIONS WITHOUT KNOWING HOW THIS INCIDENT OCCURRED

Dr. J. Kenneth Blundell did not review a single deposition before giving testimony and providing his opinions/conclusions. He did not review a single first-hand account of how this accident occurred. He did not review a single statement taken under oath regarding the mechanics of this accident but relied solely upon a heresay statement. Plaintiff does not believe this is of any consequence. Dr. J. Kenneth Blundell disagrees.

Dr. J. Kenneth Blundell testified that in order to prepare the most complete report he would want to review the depositions of Plaintiff, Defendant Addition, Defendant AM Industrial, Defendant Overton and co-workers of Plaintiff. *See* Doc. #86-5 pg. 4-5. He reviewed none.

Dr. J. Kenneth Blundell did not speak with or review Plaintiff's deposition, but testified that he would prefer to review such testimony. *See* Exhibit E Deposition of Dr. J. Kenneth Blundell pg. 113.

---

[1] Doc. #66 offers a timeline outlining the key discovery dates and a summary of the discovery provided by Addition.

46.2362

Dr. J. Kenneth Blundell based his opinions/conclusions on the background contained in a report prepared by Greg Chapman. He does not who Greg Chapman is. He does not know Mr. Chapman's qualifications. He did not review his deposition. *See* Exhibit E Deposition of Dr. J. Kenneth Blundell pg. 119 li.  21-25, pg. 120, pg. 121 li. 1-2.

Dr. J. Kenneth Blundell admitted he did not have enough factual information to feel comfortable preparing his opinions/conclusions, but did it anyway because he had no other alternative. *See* Doc. #86-5 pg. 13.

Dr. J. Kenneth Blundell admitted he would have preferred not to prepare his opinions/conclusions without reviewing any depositions, but did it anyway because he was obligated. *See* Exhibit E, Deposition of Dr. J. Kenneth Blundell pg. 73-74.

Based on his testimony alone, Dr. J. Kenneth Blundell's opinions/conclusions are not based on "reliable foundation." Dr. J. Kenneth Blundell's opinions/conclusions should be excluded pursuant to *Daubert* because they are based on incomplete information.

### III. DR. J. KENNETH BLUNDELL PROVIDED TESTIMONY AND OPINIONS/CONCLUSIONS ABOUT THE CONDITION OF THE SUBJECT MACHINE AT THE TIME OF ITS SALE IN 1992 WITHOUT KNOWING WHAT COMPONENTS WERE ON THE SUBJECT MACHINE WHEN IT WAS SOLD IN 1992

The central question in this strict liability case revolves around the point of operation guard on a tube end forming machine. Defendant Addition cannot be liable unless the subject machine was unreasonably dangerous at the time it was placed in the stream of commerce.

However, Dr. J. Kenneth Blundell does not know what point of operation guard or what components were on the subject machine when it was manufactured and sold in 1992.

> **Okay. I have to put a big F (sic) in here.  If - - if that guard was the same guard was on - - on the machine when it was sold in 2013, the - -  the area of the guard, if that were the case then I believe that**

> **particular guard would be defective…**

*See* Exhibit E Deposition of Dr. J. Kenneth Blundell pg. 75 li. 22-25, pg. 76 li. 1-11.

And

> **I've not seen any information – I'm not aware of any information dealing with the 1992 on what was specific components were on that machine.**

*See* Doc. #86-5 pg. 11.

And

> **Q:  Okay.  And then, sir, with all respect how can you have a conclusion if you don't know what was on the machine in 1992?  How can you come to this conclusion?**
>
> **A:  Because I believe it's the most reason - - from my point of view, it's the most reasonable conclusion to draw because the machine - - you see the machine in 2013 being - - delivered to - -**
>
> **Q:  Bohn - -**
>
> **A:  - - Mr. Farkas' - -**
>
> **Q:  Bohn and Dawson.**
>
> **A:  - - employer and that would - - that would give me - - that provides, I believe, some evidence that the - - the guard was in this - - could have been in the same condition.  And if it were, then it was in the same condition as it was in 1992.**

*See* Exhibit E Deposition of Dr. J. Kenneth Blundell pg. 76 li. 19-25.

And

> **Q:  You don't have any information or knowledge on what happened to this machine from 1992 to 2013, correct?**
>
> **A:  Right.  And that's - - obviously that's something that may be available from the manufacturer or AM Industrial who had possession of the machine for part of that time.  It's - -  it just falls into that situation we were talking about earlier - - where none of these depositions had been**

**taken. There's been no information brought to light.**

*See* Exhibit E Deposition of Dr. J. Kenneth Blundell pg. 77 li. 12-22.

Dr. J. Kenneth Blundell based his opinions/conclusions on mere speculation. He opined/concluded the point of operation guard on the subject machine was defective in 1992 without knowing what components were on the subject machine in 1992. Dr. J. Kenneth Blundell then guessed what point of operation guard "could have been" on the subject machine even though he did not know what components were on the subject machine when it was manufactured or what changes or alterations were made to the machine between 1992 and 2013.

Dr. J. Kenneth Blundell opined/concluded without reviewing any of the depositions from the owner of the subject machine Bohn and Dawson or taking into account any of the information they provided regarding the point of operation guard on the subject machine at the time of Plaintiff's accident.

### III. CONCLUSION

Defendant is entitled to know if Plaintiff's expert's opinions/conclusions changed or if the basis for his opinions/conclusions changed. In other words, Defendant is entitled to know if Dr. J. Kenneth Blundell will testify that he reviewed additional materials that support his conclusions. To date, Dr. J. Kenneth Blundell has not supplemented his report or his opinions/conclusions since the March 16, 2018 report and Plaintiff has not made any indication that the basis of Dr. J. Kenneth Blundell's opinions/conclusions have changed since his deposition. As such, Defendant can only assume that Dr. J. Kenneth Blundell's testimony and opinions/conclusions at trial will be based solely upon the documents he reviewed prior to his March 16, 2018 report and deposition. If so, Dr. J. Kenneth Blundell's opinions/conclusions are based upon incomplete information, at best. Therefore, his testimony and opinions/conclusions

46.2362

should be excluded pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

WHEREFORE, Defendant Addition Manufacturing Technologies, LLC seeks an order from this Court excluding Plaintiff's expert Dr. J. Kenneth Blundell pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and for any and all other relief this Court deems just and proper.

        Respectfully submitted,

        CHILDRESS AHLHEIM CARY LLC


        BY:/s/ *Craig R. Klotz*
        David T. Ahlheim    #50853MO
        Craig R. Klotz       #58850MO
        1010 Market Street, Suite 500
        St. Louis, Missouri 63101
        314-621-9800
        314-621-9802 (fax)
        dahlheim@jchildresslaw.com
        cklotz@jchildresslaw.com
        *Attorneys for Defendant Addition Manufacturing Technologies, LLC*

**CERTIFICATE OF SERVICE**

   The undersigned certifies that on the 16th day of July 2018, the foregoing was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification to:

Kevin M. Carnie Jr.
Patrick R. McPhail
The Simon Law Firm, P.C.
800 Market Street, Suite 1700
St. Louis, MO 63101
kcarnie@simonlawpc.com
pmcphail@simonlawpc.com
*Attorneys for Plaintiff*

Richard W. Wiese
Ben Thames, JR.
Maron Marvel Bradley Anderson & Tardy, LLC
7777 Bonhomme Avenue, Suite 1800
Clayton, MO 63105
bthames@maronmarvel.com
rwiese@maronmarvel.com
*Attorneys for Defendant AM Industrial Group*

Kathleen Schlef Hamilton
Bradley M. Zaffiri
HeplerBroom LLC
211 N Broadway, Suite 2700
St. Louis, MO 63102
ksh@hplerbroom.com
bzaffiri@heplerbroom.com
*Attorneys for Defendant Overton Industries*

              */s/  Craig R. Klotz*