# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY B. FARKAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-761 RLW |
| | ) |
| ADDITION MANUFACTURING | ) |
| TECHNOLOGIES, LLC f/k/a MCKEE- | ) |
| ADDISON TUBE FORMING, INC. et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Addition Manufacturing Technologies, LLC's Motion to Compel Plaintiff's Rule 26(a)(1)(C) Disclosures, Answers to Interrogatories and Responses to Requests for Production of Documents Regarding Medical Treatment and Damages (ECF No. 70). This matter is fully briefed and ready for disposition

## LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. *See* Fed. R. Civ. P. 37 (a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). Likewise, Rule 26 governs the scope of discovery in federal matters:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).

## DISCUSSION

In this case, Plaintiff Timothy Farkas ("Farkas") alleges that he suffered an injury to his left hand while operating a McKee Addison tube ending forming machine as part of his employment with Bohn & Dawson, a metal tube fabricating company in St. Louis, Missouri, on April 24, 2015. Defendant Addition Manufacturing Technologies, LLC's ("AMT") Motion to Compel (ECF No. 70) outlines several purported deficiencies in Farkas's disclosures and discovery responses. AMT argues that Farkas has failed to provide:

- a computation of damages as required under Rule 26(a)(1)(C);

- the identities of all of Farkas's medical providers, as requested in Interrogatory Number 15; and

- medical records and bills from Farkas's medical providers and documents memorializing his losses related to this incident, as requested in Requests for Production Numbers 2, 3, and 8.

(ECF Nos. 70 and 77). In response, Farkas claims he has provided AMT with medical authorizations to obtain his medical bills and records. (ECF No. 71). In addition, Farkas states he will supplement his production when he receives additional medical records. Farkas further agrees to provide his tax returns when he receives those from the Internal Revenue Service. (*Id.*)

The Court notes that Farkas does not object to any of AMT's discovery requests. The Court further holds that Farkas had sufficient time to obtain additional records. Therefore, the Court orders Farkas to supplement any discovery responses no later than October 22, 2018.

**IT IS HEREBY ORDERED** that Defendant Addition Manufacturing Technologies, LLC's Motion to Compel Plaintiff's Rule 26(a)(1)(C) Disclosures, Answers to Interrogatories and Responses to Requests for Production of Documents Regarding Medical Treatment and

Damages (ECF No. 70) is **GRANTED**. Plaintiff Timothy Farkas shall supplement his discovery responses, if necessary, no later than **October 22, 2018**.

Dated this 9th day of October, 2018.

                                                                        *Ronnie L. White*
                                                                        RONNIE L. WHITE
                                                                        UNITED STATES DISTRICT JUDGE