**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **TIMOTHY FARKAS,** | |
| Plaintiff, | Case No.:   4:17-cv-00761 |
| v. | |
| **ADDITION MANUFACTURING TECHNOLOGIES, LLC f/k/a MCKEE-ADDISON TUBE FORMING, INC. et al.,** | **STRICT PRODUCT LIABILITY AND NEGLIGENCE** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

**PLAINTIFF'S OBJECTIONS TO ADDITION'S BILL OF COSTS**

Addition claims expenses for both stenographic and video copies of six depositions. Because costs for only one copy are necessary, and therefore recoverable, Plaintiff respectfully requests the Court reduce Addition's bill of costs by the amount of the video copies ($1,309.62) to a total of $5,540.24.

"Not all expenses of litigation are costs taxable against the losing party, and within the costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." *Lochridge v. Lindsey Management Co., Inc.*, 2016 WL 6780330, at *4 (W.D. Ark. 2016) citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). "[I]t is Defendant's obligation to demonstrate the costs are compensable and this obligation requires some indication as to the costs' necessity." *Combs v. Cordish Companies, Inc.*, No. 14-0227-CV-W-ODS, 2015 WL 5096009, at *1 (W.D. Mo. Aug. 28, 2015). "If the costs claimed by the defendant appears to be unreasonable or unnecessary the court under the discretion rule may deny costs." *Scates v. United Paperworkers Int'l Union, AFL-CIO, Local 369 Crossett, Ark.*, 123 F.R.D. 599, 602 (W.D. Ark. 1989).

1

Plaintiff should not incur the cost of Addition's video copy of the depositions of Scott Buie ($190.00 [Doc. # 116, p. 7]), Bruce Howe ($155.00 [Doc. # 116, p. 7]), Brett Wyman ($175.00) [Doc. # 116, p. 8]), Timothy Farkas ($439.62 [Doc. # 116, p. 11]), Lonnie McGrew ($215.00 [Doc. # 116, p. 14]) and Alex Rigoni ($125.00 + 10.00 shipping) [Doc. # 116, p. 15). Costs for the video recording of the deposition, in addition to the written transcript, are not reasonable to impose on Plaintiff, nor were they reasonably necessary for the furtherance of Addition's case. *See Cowden v. BNSF Ry. Co.,* 991 F. Supp. 2d 1084, 1091 (E.D. Mo. 2014) ("…the Court finds § 1920(2) precludes recovery of both stenographic and videographic deposition costs"); *Sportsman v. BNSF Ry. Co.*, 2011 WL 4528388, at *2 (E.D. Mo. Sept. 29, 2011) ("The undersigned finds Section 1920(2) precludes the recovery of the costs of depositions recorded by both stenographic and non-stenographic means."); *Amer. Guarantee & Liab. Ins., Co. v. U.S. Fidelity & Guar. Co.*, 2010 WL 1935998, at *2 (E.D. Mo. May 10, 2010) (finding the plain language of § 1920 disallows a party to recover costs for both stenographic transcripts and video costs for the same depositions); *Thomas v. Newton*, 2009 WL 1851093, at *3 (E.D. Mo. June 26, 2009) (finding that the use of the disjunctive "or" means that the statute should be construed to permit either stenographic transcription or video-recording of depositions, but not both); *Combs v. Cordish Companies, Inc.*, No. 14-0227-CV-W-ODS, 2015 WL 5096009, at *3 (W.D. Mo. Aug. 28, 2015) ("The Court believes the better view is that a prevailing party is entitled to recover the costs for a single reproduction of the deposition, be it a videotape or the stenographic transcript."). Addition is entitled to one copy and anything more is not reasonably necessary, merely for its convenience, and would be inequitable to impose on Plaintiff.

WHEREFORE, Plaintiff respectfully requests the Court reduce Addition's bill of costs by the amount of the video copies ($1,309.62) to a total of $5,540.24.

        Respectfully Submitted,

        **THE SIMON LAW FIRM, PC**

By: */s/ Patrick R. McPhail*
   John G. Simon #35231MO
   Kevin M. Carnie Jr. #60979MO
   Patrick R. McPhail, #70242MO
   800 Market Street, Suite 1700
   St. Louis, Missouri  63101
   (314) 241-2929
   (314) 241-2029 / Facsimile
   kcarnie@simonlawpc.com
   jsimon@simonlawpc.com
   pmcphail@simonlawpc.com
   *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December, 2018, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notice of electronic filing to all counsel of record.

        */s/ Patrick R. McPhail*
        Patrick R. McPhail